**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LAVELLE MALONE, Petitioner, | ) | |
| vs. | ) | 1:13-cv-128-JMS-TAB |
| KEITH BUTTS, Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

The petition of Lavelle Malone for a writ of habeas corpus challenging an apparent adjunct of the prison disciplinary proceeding identified as No. ISR 11-03-0122 is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court*. This disposition is based on the following facts and circumstances:

1. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

2. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.*

3. In order to proceed, Malone must meet the “in custody” requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). A[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the ›severity= of an actual or potential restraint on liberty.@ *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir.), *cert. denied*, 519 U.S. 1041 (1996).

a. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007).

b. A sanction which does not constitute Acustody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

c. If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

4. Malone was sanctioned in No. ISR 11-03-0122 on April 1, 2011, to one year of disciplinary segregation, a 365 day deprivation of earned credit time, and a demotion from credit class one to credit class three. On April 4, 2011, the Indiana Department of Correction restricted Malone's visitation privileges to non-contact visits for one year. Malone treats the latter action as among the sanctions in No. ISR 11-03-0122 and this court will do likewise. His only challenge here, however, is to the modification of visitation privileges to non-contact visits for one year. This sanction was non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith*, 521 F.3d 707, 713 (7th Cir. 2008). Perhaps it can be challenged, though even if this is the case it may not be challenged in an action for habeas corpus relief:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all, which under *Sandin v. Conner,* 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995), and *Meachum v. Fano,* 427 U.S. 215, 96 S. Ct. 2532, 49 L.Ed.2d 451 (1976), will be uncommon.

*Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (quoting *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000)). A modification of his visitation privileges did not result in the imposition of "custody" on Malone.

5. Because Malone's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/14/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Lavelle Malone
No. 984073
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064